IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHABRE NATHANIEL JOHNSON, | |
| Petitioner, | 8:22CV68 |
| vs. | |
| SCOTT R. FRAKES, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner's Objection to Respondent Filing a Reply Brief (filing 10) and Objection to Designation of State Court Records in Support of Answer (filing 12).

## I. OBJECTION TO RESPONDENT FILING A REPLY BRIEF

Petitioner objects to that portion of the court's progression order (filing 8) directing Respondent to file a reply brief no later than 30 days after Petitioner files a brief in response to Respondent's answer and supporting brief. Petitioner asserts that Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* does not permit the Respondent to file a reply brief to the Petitioner's responsive brief. (Filing 10.)

Rule 5(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[t]he respondent is not required to answer the petition unless a judge so orders." Here, the court ordered Respondent to file a motion for summary judgment or an answer and brief with supporting state court records and a reply brief to any brief filed by Petitioner. (Filing 8.) Petitioner's responsive brief is expressly authorized by Rule 5(e), which provides that a habeas petitioner may file a reply to the respondent's answer within a time fixed by the court. While Rule 5 does not specifically direct the respondent to file what is

commonly known as a sur-reply to the petitioner's reply to the answer, it is generally accepted that "[i]f new material is raised for the first time in the movant's reply, the nonmoving party should be given an opportunity to respond by filing a sur-reply brief, at a minimum." Brian R. Means, Federal Habeas Manual § 8:35, Habeas Rule 5 (citing *Green v. New Mexico*, 420 F.3d 1189, 1196, 96 Fair Empl. Prac. Cas. (BNA) 789 (10th Cir. 2005)). Indeed, this court's local rules, under which "[a]ll . . . applications, requests, and petitions are filed and considered," provide that, "[w]ithout leave of court, a reply brief may not raise new grounds for relief or present matters that do not relate to the opposing party's response." NECivR 7.1(c)(2). Thus, the court's progression order directing Respondent to file a reply brief to Petitioner's brief in response to Respondent's answer incorporates this traditional understanding of the function of a reply brief. The court requires Respondent to file a reply brief to address any matters raised for the first time in Petitioner's brief, and, if no such reply is necessary, then the court requires Respondent to file a notice stating that no reply brief will be filed. (*See* Filing 8 at CM/ECF p. 6, ¶ E.)

Accordingly, after careful consideration, Petitioner's objection (filing 10) will be denied because the court's progression order providing Respondent an opportunity to file a reply brief does not conflict with Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and is consistent with the court's local rules.

## II. OBJECTION TO DESIGNATION OF STATE COURT RECORDS

Petitioner filed an objection to Respondent's inclusion of the Bill of Exceptions for Petitioner's Plea and Sentencing Hearing ("Plea and Sentencing BOE") (filing 11-19) and the Bill of Exceptions for Petitioner's Post-Conviction Hearing ("Postconviction BOE") (filing 11-20) in the Designation of State Court Records (filing 11). Petitioner states that Claim Three of his habeas petition raises the issue of the Plea and Sentencing BOE's authenticity, which Petitioner contends "is inaccurate due to it completely missing questions and statements . . . on Page

17, Line 12 through 13." (Filing 12 at CM/ECF p. 1.) Petitioner requests that the Plea and Sentencing BOE "be transcribed again with the Audio [also provided] in order to confirm its authenticity." (*Id*.) Petitioner also asserts that the Postconviction BOE "is inaccurate due to mistypes, 'Indiscernible' written as fill-ins by the transcriber and clear sentences that don[']t make sense with what was typed within the documentation." (*Id*. at CM/ECF pp. 1–2.) Petitioner states he has "the origional [sic] document used to speak . . . in court" and that the Postconviction BOE should not be used by Respondent "without the acceptance of the Petitioner[']s Original written speech for said hearing, which can be presented to the court by Petitioner, if the court will accept it." (*Id*. at CM/ECF pp. 2, 5.)

Upon consideration, the court will treat Petitioner's Objection to the Designation of State Court Records (filing 12) as a motion for additional records and will direct Respondent to file a response as set forth below.

IT IS THEREFORE ORDERED that:

1. Petitioner's Objection to Respondent Filing a Reply Brief (filing 10) is denied.

2. Respondent shall file a response to Petitioner's Objection to Designation of State Court Records in Support of Answer (filing 12) on or before **August 11, 2022**. Respondent may attach additional records to his response if deemed appropriate.

3. On the court's own motion, the deadline for Respondent to file an answer and brief in support of answer is extended from August 5, 2022, to August 11, 2022, to coincide with the deadline for Respondent's response to Petitioner's Objection. Counsel for Respondent may incorporate the response to Petitioner's Objection into her brief in support of answer if she so chooses.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **August 11, 2022**: check for Respondent's answer, brief, and response to Petitioner's objection.

Dated this 28th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge