IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHABRE NATHANIEL JOHNSON,<br><br>        Petitioner,<br><br>vs.<br><br>DIANE SABATKA-RINE,<br><br>        Respondent. | **8:22CV68**<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on Petitioner's Objection to Designation of State Court Records in Support of Answer, which the court construes as a motion for additional records. (Filing 12.) As directed by the court (*see* filing 13), Respondent filed a Response (filing 20 at CM/ECF pp. 13–14) to Petitioner's motion.

    Petitioner objects to Respondent's inclusion of the Bill of Exceptions for Petitioner's Plea and Sentencing Hearing ("Plea and Sentencing BOE") (filing 11-19) and the Bill of Exceptions for Petitioner's Post-Conviction Hearing ("Postconviction BOE") (filing 11-20) in the Designation of State Court Records (filing 11). Petitioner states that Claim Three of his habeas petition raises the issue of the Plea and Sentencing BOE's authenticity, which Petitioner contends "is inaccurate due to it completely missing questions and statements . . . on Page 17, Line 12 through 13." (Filing 12 at CM/ECF p. 1.) Petitioner requests that the Plea and Sentencing BOE "be transcribed again with the Audio [also provided] in order to confirm its authenticity." (*Id*.) Petitioner also asserts that the Postconviction BOE "is inaccurate due to mistypes, 'Indiscernible' written as fill-ins by the transcriber and clear sentences that don[']t make sense with what was typed within the documentation." (*Id*. at CM/ECF pp. 1–2.) Petitioner states he has "the original [sic] document used to speak . . . in court" and that the Postconviction BOE should not be used by Respondent "without the acceptance of the

Petitioner['s] Original written speech for said hearing, which can be presented to the court by Petitioner, if the court will accept it." (*Id*. at CM/ECF pp. 2, 5.)

In response, Respondent argues that Petitioner's request for additional records "is essentially an attempt to expand the state court record." (Filing 20 at CM/ECF p. 14.) A motion to expand the record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

Here, the court agrees with Respondent that Petitioner's request relates to Claim Three of his petition which was addressed on the merits by the Nebraska Court of Appeals. (*Id*. at CM/ECF pp. 10–12, 14.) The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The audio recordings from Petitioner's plea and sentencing hearing and postconviction hearing are not part of the state court record, and Respondent does not have the recordings. (Filing 20 at CM/ECF p. 14.) Thus, the court finds that the record cannot be expanded in this case to address Petitioner's claim that was rejected on the merits by the state courts. Petitioner's motion for additional records, i.e., the audio recordings, and objection to the records contained within Respondent's Designation is, therefore, denied.

To the extent Petitioner merely seeks to submit his "Original written speech" from his postconviction hearing to the court (filing 12 at CM/ECF p. 5), the court is not opposed to allowing Petitioner to submit such document in support of his claims for federal habeas relief for this court's review. *See* Brian R. Means, Federal Habeas Manual § 5:10 ("Rule 7 does not require a litigant to secure a court order before submitting materials for the court to consider.") (citing *Shah v. U.S.*, 878 F.2d 1156, 1162 (9th Cir. 1989)). However, pursuant to Rule 7(c) of the Rules Governing Section 2254 Cases, "[t]he judge must give the party against whom the

additional materials are offered an opportunity to admit or deny their correctness." Accordingly, the court will grant Petitioner leave to submit his original written speech from his postconviction hearing to the court and to Respondent's counsel as required under Rule 7(c). Petitioner has until January 11, 2023, to submit the document, which is also the deadline for Petitioner to submit his brief in response to Respondent's answer.

IT IS THEREFORE ORDERED that:

1. Petitioner's Objection to Designation of State Court Records in Support of Answer (filing 12), construed as a motion for additional records, is denied in part, and granted in part. To the extent Petitioner objects to the records contained within Respondent's Designation of State Court Records and seeks to expand the record to include the audio recordings of his state court proceedings, the motion is denied. Petitioner is granted leave to file and serve his original written speech for his postconviction hearing with the court and counsel for Respondent. Petitioner shall have until **January 11, 2023**, to submit said document.

2. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 11, 2023**: deadline for Petitioner to file and serve postconviction hearing document.

Dated this 31st day of October, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge