IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHABRE NATHANIEL JOHNSON,

|  |  |
|---|---|
| Petitioner, | **8:22CV68** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Chabre Nathaniel Johnson. Filing No. 1. Respondent, Rob Jeffreys, has answered and filed the relevant state court records. *See* Filing No. 19 (Answer); Filing No. 26 (State Court Records). Also before the Court are Petitioner's Motion to Reconsider, Filing No. 29; Reestablished Objection to Respondent Filing a Reply, Filing No. 32; Motion for Disposition, Filing No. 34; and Notice of Case Submission, Filing No. 36. The Court has considered Petitioner's Motion for Disposition, Filing No. 34, and Notice of Case Submission, Filing No. 36, and, with this Memorandum and Order, grants both Motions. For the reasons stated below, Petitioner's Motion to Reconsider, Filing No. 29, and Reestablished Objection to Respondent Filing a Reply, Filing No. 32, will be denied.

Additionally, upon consideration of the briefing provided by both parties and application of the relevant law, the Court finds Claims One, Two, and the judicial bias claim in Claim Four of the Petition are procedurally defaulted pursuant to 28 U.S.C. § 2254(b)(1)(A). For the reasons stated below, Claim Three and the Eighth Amendment

claim in Claim Four are denied.  Accordingly, the Petition is denied, and this case is dismissed with prejudice.

## I.  BACKGROUND[1]

### A.  Plea and Sentencing

On October 26, 2018, Petitioner pled guilty to one count of first-degree sexual assault.  At the plea, the prosecution offered a factual basis indicating that Petitioner's 12-year-old daughter reported to law enforcement that Petitioner sexually assaulted her.  The District Court for Sarpy County, Nebraska, accepted Petitioner's guilty plea.  The district court found beyond a reasonable doubt that Petitioner was competent, that the government's factual basis supported Petitioner's plea, and that Petitioner's plea was made knowingly, intelligently, and voluntarily.  At the plea hearing, the district court ordered that a presentence investigation report ("PSR") be completed, and the court scheduled Petitioner's sentencing.

Petitioner asserts that, at the sentencing hearing, the district court judge and prosecutor had a colloquy that was removed, edited, or altered from being shown on the Bill of Exceptions.  *See* Filing No. 30 at 9.  Petitioner alleges the district court judge asked the prosecutor, "How many times did this offense take place?"  *Id.*  The prosecutor responded, "About 150 times."  *Id.*  Petitioner alleges that people in the gallery reacted with astonishment to the prosecutor's answer.  *Id.*  The Bill of Exceptions does not show that any such colloquy occurred.  *See* Filing No. 11-19 at 10-18.

---

[1] The facts relevant to the Petition and stated in this Memorandum and Order are not in dispute.  The Court's recitation of the facts is primarily drawn from the Petition, Filing No. 1, Petitioner's supporting brief, Filing No. 30, Respondent's Brief, Filing No. 20, Petitioner's Reply, Filing No. 32, and the Nebraska Court of Appeals opinion in *State v. Johnson*, No. A-20-747, 2021 WL 1976640 (Neb. Ct. App. May 18, 2021).

After the sentencing hearing, the district court found that, pursuant to Neb. Rev. Stat. §29-2260, compelling reasons demonstrated that Petitioner could not effectively and safely be supervised in the community on probation. Filing No. 11-14 at 35. The court sentenced Petitioner to forty to fifty years' incarceration, with 383 days credit for time served.

**B. Direct Appeal**

On direct appeal, Petitioner was represented by different counsel than at trial. Petitioner's only assignment of error was that the district court abused its discretion by imposing an excessive sentence. On August 12, 2019, the Nebraska Court of Appeals summarily affirmed the district court's judgment and Petitioner's sentence. The Nebraska Supreme Court thereafter denied Petitioner's petition for further review. Thus, on October 4, 2019, the Nebraska Court of Appeals issued its mandate.

**C. State Postconviction Proceedings**

On July 6, 2020, Petitioner filed a motion for postconviction relief in the District Court for Sarpy County. Petitioner alleged

> (1) the district court considered "invalid aggravating factors" and the record did not support Johnson's sentence, (2) the prosecutor committed prosecutorial misconduct during argument at the sentencing hearing, (3) the certified transcript of the sentencing hearing was incomplete and contained "errors of substantial significance" and Johnson had been improperly denied access to the full audio recordings of the hearing, (4) the district court committed judicial misconduct, (5) Johnson's Eighth and Ninth Amendment rights were violated by the summary affirmance of his conviction and sentence on direct appeal, (6) Johnson received ineffective assistance of trial counsel, and (7) he received ineffective assistance of appellate counsel.

Filing No. 20 at 2-3.

On July 28, 2020, Petitioner moved for leave to amend his state motion for postconviction relief. Attached to his motion for leave to amend, Petitioner submitted an

amended motion for post-conviction relief.  The following day, the State of Nebraska filed its response to Petitioner's original postconviction motion.

On September 15, 2020, the district court issued a written opinion and order.  The court found that Petitioner "failed in his burden to articulate facts which would show he is entitled to relief" and that "[i]nstead, his claims are merely conclusory with no supporting facts."  Filing No. 11-3 at 2.  The court found that although Petitioner cited constitutional amendments in his postconviction motion, he "did not allege constitutional violations."  *Id.* The district court found that Petitioner's claim of ineffective assistance of trial counsel was procedurally barred.    Further, although Petitioner's layered claims of ineffective assistance of appellate counsel were not procedurally barred, the district court determined they nevertheless failed to state a claim.  Accordingly, the district court held Petitioner's postconviction motion did not merit an evidentiary hearing.  The court also denied as moot Petitioner's motion for leave to file an amended postconviction motion.

Petitioner timely appealed the denial of his postconviction motion.  On May 18, 2021, the Nebraska Court of Appeals determined (1) the district court did not abuse its discretion in denying Petitioner's motion for leave to file an amended motion for postconviction relief; (2) there was no merit to Petitioner's claim that the district court erred in denying his rights to access the audio recordings; and (3) the district court did not err in denying postconviction relief without an evidentiary hearing *See* Filing No. 11-3 at 3-7. The Court of Appeals also found that Petitioner's postconviction claims were either procedurally barred or insufficiently alleged, and thus, the state district court properly denied the postconviction motion without an evidentiary hearing.  *Id.* at 5-7.

4

On August 30, 2021, the Nebraska Court of Appeals denied Petitioner's motion for rehearing. Filing No. 11-2 at 4. On October 22, 2021, Petitioner filed a petition for further review in the Nebraska Supreme Court, which was denied. *Id.* The Court of Appeals issued its mandate on November 5, 2021. *Id.*

**D. Federal Habeas Proceedings**

On February 22, 2022, Petitioner timely filed the Petition in this case. Filing No. 1. After initial review, the Court dismissed Petitioner's fifth and sixth habeas claims, concluding they were not cognizable in a federal habeas action because they were based on errors in the state postconviction proceedings. Filing No. 8 at 2-3. Petitioner's remaining claims are as follows:

> Claim One: The prosecution committed prosecutorial misconduct at Petitioner's sentencing hearing by falsifying and manufacturing evidence from the presentencing report in violation of Petitioner's due process rights under the Fifth and Fourteenth Amendments.

> Claim Two: Petitioner was denied due process and the effective assistance of counsel because (1) trial counsel failed to object to the prosecution's prosecutorial misconduct and (2) appellate counsel failed to raise trial counsel's ineffectiveness on direct appeal.

> Claim Three: The state district court denied Petitioner access to the audio recording of his sentencing hearing and prevented Petitioner from substantiating his claim of falsification of the bill of exceptions in violation of his rights to due process and to petition the government for a redress of grievances.

Claim Four:      The sentencing judge was biased and imposed an excessive sentence against Petitioner in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments.

Filing No. 8 at 1-2.

Respondent argues that Claims One and Two are procedurally defaulted. Filing No. 20 at 8-10. Respondent argues that Claim Three fails because Petitioner cannot establish that the Nebraska Court of Appeals' decision was contrary to established federal law. Id. at 12. Respondent also argues that the first allegation in Claim Four—that the sentencing judge was biased—is procedurally defaulted. Id. Respondent argues that the Court of Appeals' decision on the second allegation in Claim Four—that the sentencing judge imposed an excessive sentence—was not contrary to established federal law. Id. at 13. The parties have briefed each of the issues. Upon review of the filings of record, an evidentiary hearing is not warranted. Petitioner's habeas claims are therefore fully submitted.

## II.  OVERVIEW OF APPLICABLE LAW

Two strands of federal habeas law intertwine in this case. They are (1) exhaustion and procedural default; (2) the deference that is owed to the state courts when a federal court reviews the factual or legal conclusions set forth in an opinion of a state court; and (3) the standard for evaluating a claim of ineffective assistance of counsel. The Court elaborates upon those concepts next so that it may apply them later in a summary fashion as it reviews Petitioner's claims.

### A. Exhaustion and Procedural Default

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(B)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly[2] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

---

[2] Where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501

U.S. 722, 750 (1991).  A credible showing of actual innocence may also allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), but to do so a petitioner "must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,'" *Jennings v. United States*, 696 F.3d 759, 764-65 (8th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

## B. Deferential Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d).  Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 405-06.  Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.*

However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA [Antiterrorism and Effective Death Penalty Act] standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court."). The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

### III. DISCUSSION

#### A. Claim One

Petitioner argues in Claim One that the prosecution committed prosecutorial misconduct at Petitioner's sentencing hearing. Filing No. 8 at 1. Specifically, Petitioner alleges the prosecutor falsified and manufactured evidence from the PSR. *Id.*

Petitioner appears to have raised this issue in his state postconviction motion. *See* Filing No. 11-15 at 2-3. Petitioner claimed the prosecutor made statements at Petitioner's sentencing hearing that manipulated the district court's sentence by creating "undue prejudice." *Id.* at 2. Petitioner also asserted that the prosecutor somehow falsified the Bill of Exceptions. *Id.* at 3. The Nebraska Court of Appeals refused to address this claim because Petitioner could have raised the claim on direct appeal but failed to do so. Filing No. 11-3 at 5-6. As noted above, under federal law, a state prisoner must present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750.

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016 & Supp. 2023]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims,* 761 N.W.2d 527, 533 (Neb. 2009). "A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State,* 646 N.W.2d 572, 579 (Neb. 2002); *see also State v. Thorpe,* 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."). Petitioner was procedurally barred from raising his prosecutorial misconduct claim in a motion for postconviction relief because the claim could have been raised on direct appeal. Petitioner has not shown that the procedural rule creating the default violated Petitioner's rights under federal law, nor has Petitioner demonstrated that failure to consider the claim would result in a fundamental miscarriage of justice. Therefore, Petitioner's prosecutorial misconduct habeas claim is procedurally defaulted.

## B. Claim Two

Petitioner's second claim alleges he was denied due process and the effective assistance of counsel in two ways. First, Petitioner alleges trial counsel failed to object

12

to the prosecution's prosecutorial misconduct. Second, Petitioner alleges appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness on direct appeal.

*1. Ineffectiveness of Trial Counsel*

Petitioner's first allegation is procedurally barred because he failed to raise it on direct appeal. The Nebraska Court of Appeals properly refused to address the claim on his postconviction appeal. Filing No. 11-3 at 5-6. Thus, Petitioner's allegation of ineffective assistance of trial counsel has not had "one complete round" in Nebraska's appellate process. Accordingly, the claim has been procedurally defaulted.

To excuse this procedurally defaulted ineffective assistance of counsel claim, Petitioner vaguely directs the Court to the holding and principles articulated in the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). *See* Filing No. 32 at 8-9. In *Martinez,* the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 18. The Supreme Court elaborated on and expanded this cause exception in *Trevino v. Thaler*, 569 U.S. 413 (2013). There, the Supreme Court held that *Martinez* is applicable not only in circumstances where a state requires a defendant to raise a claim of ineffective assistance of trial counsel in a state collateral proceeding, but also when a state maintains a procedural regime that amounts to such a requirement (i.e., when it is "virtually impossible" for an ineffective assistance claim to be raised on direct review). *Trevino*, 569 U.S. at 417.

Assuming, without deciding, that *Martinez* applies to federal habeas corpus cases arising from Nebraska convictions, the holding in *Martinez* does nothing to excuse the

procedural default of Petitioner's claim.  In *Martinez*, the Court reasoned that a federal habeas court should "hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in *an initial-review collateral proceeding* . . . ."  *Martinez*, 566 U.S. at 15 (emphasis added).

Here, for Petitioner's allegation of ineffective assistance of trial counsel for failing to object to prosecutorial misconduct, the default occurred, not on initial collateral review (i.e. in his postconviction motion), but when he failed to properly raise it in his direct appeal.  This is because Petitioner's counsel on direct appeal was different than his trial counsel.  *See* Filing No. 11-3 at 2; *see also State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.  Otherwise, the issue will be procedurally barred.").  Accordingly, the Supreme Court's decision in *Martinez* does not apply to this claim because Nebraska's collateral review process was not the first opportunity Petitioner had to raise the ineffective assistance of trial counsel claims.  *See Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014); *Pigee v. Frakes*, No. 4:17CV3157, 2018 WL 2120326, at *6 n.3 (D. Neb. May 8, 2018).

2. *Ineffectiveness of Appellate Counsel*

Petitioner's claim that appellate counsel was ineffective is also procedurally barred because the Court of Appeals failed to reach the merits of his claim.  The Nebraska Court of Appeals rejected this claim, reasoning that although Petitioner was not barred from alleging his ineffective assistance of appellate counsel claim in his postconviction motion, his allegations were conclusory and not supported by specific facts.  *See* Filing No. 11-3

14

at 6-7.  Thus, this claim is procedurally defaulted.  *See Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009) ("Federal courts generally will not review claims that a state court has refused to consider because of the petitioner's failure to satisfy a state procedural requirement"); *Sing v. Frakes*, No. 8:15CV134, 2016 WL 3248244, at *5 (D. Neb. June 13, 2016) (same); *Ildefonso v. Gage*, No. 4:13CV3110, 2016 WL 1092468, at *9 (D. Neb. Mar. 21, 2016), *certificate of appealability denied* (Sept. 15, 2016) (the Nebraska Supreme Court's decision to refuse to consider claims that alleged only conclusions of fact or law was based on a firmly established state procedural rule; in Nebraska, if a postconviction motion alleges only conclusions of fact or law, then the court is not required to grant an evidentiary hearing); *State v. Dragon*, 843 N.W.2d 618, 623 (Neb. 2014) ("If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing").

Petitioner again argues that he can overcome procedural default of his claim for ineffective assistance of appellate counsel because he has shown cause and prejudice. *See* Filing No. 30 at 11-12.  Courts recognize an equitable exception to the procedural bar when a habeas corpus applicant can demonstrate cause and prejudice for the procedural default.  *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (noting that "the cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that fundamental fairness remains the central concern of the writ of habeas corpus").  To show cause excusing procedural default, a petitioner must show that some "objective factor external to the defense" impeded his efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *see also Arnold v. Dormire*, 675 F.3d

1082, 1087 (8th Cir. 2012) (quoting *Coleman,* 501 U.S. at 753) (stating that cause must be "something external to the petitioner, something that cannot fairly be attributed to him").

The cause and prejudice standard can apply to defaults on appeal. *Murray*, 477 U.S. at 49. However, in order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (noting that counsel's ineffectiveness in failing to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim). Also, an ineffective assistance claim must be presented to state courts before it may be used to establish cause for a procedural default. *Id.*

In this case, Petitioner's claim of ineffective assistance of appellate counsel cannot serve as cause to excuse the procedural default because the claim itself was procedurally defaulted. As described above, Petitioner did not sufficiently allege the claim of ineffective assistance of appellate counsel in his postconviction motion, so the Nebraska Court of Appeals did not reach the merits of the claim. Accordingly, because his ineffective assistance claim was not adequately presented to the state courts, it cannot be used to establish cause to excuse procedural default.

## C. Claim Three

Petitioner's third habeas claim argues that the state district court denied him access to the audio recording of his sentencing hearing and thus prevented him from substantiating his claim that the bill of exceptions had been falsified. Filing No. 8 at 2. Petitioner argues that a colloquy at his sentencing hearing between the district judge and

prosecutor has been removed, edited, or altered from being shown on the Bill of Exceptions. *See* Filing No. 30 at 9. Specifically, Petitioner claims the district court judge at some point asked the prosecutor, "How many times did this offense take place?" *Id.* When the prosecutor responded that the offense took place "[a]bout 150 times," people in the gallery could be heard expressing astonishment. *Id.* Petitioner argues that the reaction from the gallery manipulated the judge to impose a harsh sentence. *Id.* Petitioner argues that under Neb. Ct. R. § 6-1405, he was entitled to an audio recording of the sentencing hearing to substantiate his allegations.

The Nebraska Court of Appeals rejected this claim on the merits, concluding that Petitioner was not entitled to a recording, nor did he show he suffered any prejudice. Section 6-1405(A) states that all proceedings in county court shall be recorded. Section 6-1405(B) permits any person to "request a copy of the audio record of a court proceeding." The Court of Appeals concluded that because § 6-1405 applies to county court rather than district court, the rule did not apply to Petitioner's case. Filing No. 11-3 at 5. Additionally, the Court of Appeals concluded that Petitioner failed to show prejudice. The PSR, which the trial court reviewed prior to Petitioner's sentencing, referenced the fact that Petitioner had sexually assaulted the victim approximately 150 times. *Id.* Therefore, even if the alleged colloquy occurred, the prosecutor was repeating information already contained in the record.

As an initial matter, to the extent Petitioner challenges the Court of Appeals' interpretation of Neb. Ct. R. § 6-1405,[3] his claim is outside the scope of this Court's

---

[3] Petitioner seems to argue that the Court should extend Neb. Ct. R. § 6-1405 to support his constitutional claim under Claim 3. *See* Filing No. 30 at 15. For the reasons stated, § 6-1405 cannot support a federal habeas claim, nor can the Court review a state court's interpretation of its own state's laws.

review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Accordingly, to the extent Petitioner claims the trial court's failure to provide the audio recording was error under Nebraska state law, the claim is not cognizable in this Court and must be dismissed.

Additionally, Petitioner has not shown that the Court of Appeals' ruling was contrary to, or involved an unreasonable application of, clearly established federal law. Habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that the error resulted in 'actual prejudice.'"  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  The commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal; "[i]nstead 'most constitutional errors can be harmless.'" *Washington v. Recuenco*, 548 U.S. 212, 218 (2006) (quoting *Neder v. United States*, 527 U.S. 1, 8 (1999)).  Only in a narrow category of cases—those involving "structural defects" that deprive defendants of basic protections and render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence—will an error always invalidate a conviction, even without a showing of prejudice.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 n.4 (2006).  Structural defects "'defy analysis by "harmless-error" standards' because they 'affec[t] the framework within which the trial proceeds,' and are not 'simply an error in the trial process itself.'"  *Gonzalez-Lopez*, 548 U.S. at 148-49 & n.4 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991)).

In this case, Petitioner has not shown that failing to provide the audio recording of the sentencing hearing was erroneous.  Even if it was, Petitioner has not shown that any

error resulted in actual prejudice or that it was a structural defect.  Petitioner does not dispute that the PSR contained the fact that he assaulted the victim approximately 150 times.  *See* Filing No. 30 at 14, 15-16.  Thus, Petitioner could not have been prejudiced by the prosecutor repeating that fact at the sentencing hearing.  For the same reason, failing to provide the audio recording could not have been a structural error because the fact was already in the record.

Construed liberally, Petitioner attempts to establish prejudice by arguing that the alleged colloquy incited an outburst in the gallery which in turn influenced the judge to impose a longer sentence.  *See* Filing No. 30 at 9.  Petitioner cites to cases where courts held that a jury may have been influenced by an outburst from the gallery.  *See id.* (citing *United States v. Petary*, 857 F.2d 458, 463 (8th Cir. 1988); *People v. Herbert*, 361 Ill. 64, 72, 196 N.E. 821, 824 (1935) ("The episode was of a highly inflammatory character, and was well calculated to arouse the passion and prejudice of the jury against the defendant.").  Petitioner asserts that the "jury" in his case "was the 'judge' in the sentencing proceeding."  Filing No. 30 at 9.  However, the cases Petitioner cites do not apply to a judge at a sentencing hearing. Moreover, Petitioner has not made any argument, much less established, that his sentence would have been different had the alleged missing colloquy not occurred at his sentencing hearing.  Accordingly, the Court cannot conclude that the Court of Appeals' ruling was contrary to, or involved an unreasonable application of, clearly established federal law, and Claim Three must be dismissed with prejudice.

### D.  Claim Four

Under Claim Four, Petitioner alleges the sentencing judge was biased and imposed an excessive sentence against Petitioner in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments.  Filing No. 8 at 2.  Although Petitioner raised this claim in his postconviction motion, Filing No. 11-15 at 3, the Nebraska Court of Appeals refused to address it because Petitioner could have raised the claim on direct appeal but failed to do so.  Filing No. 11-3 at 5-6.  As noted above, under federal law, a state prisoner must present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief.  Because Petitioner failed to do so, his claim of judicial bias is procedurally defaulted.

Petitioner did, however, allege on direct appeal that the trial court imposed a "constitutionally excessive sentence."  Filing No. 11-4 at 7.  Specifically, he argued that the sentence imposed violated his right to be free from cruel and unusual punishment. *Id.* at 25-27.  The state sought summary affirmance that the sentence was within the limits set by a valid statute. *See* Filing No. 11-5 at 4-5.  The Nebraska Court of Appeals granted the state's motion for summary affirmance, concluding that Petitioner's sentence did not constitute an abuse of discretion.  Filing No. 11-1 at 4.  The Court of Appeals reasoned that an "appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court."  *Id.* (citing *State v. Mueller*, 920 N.W.2d 424 (2018)).

The Supreme Court has recognized that the Eighth Amendment contains a "'narrow proportionality principle that applies to noncapital sentences.'"  *United States v. Meeks*, 756 F.3d 1115, 1120 (8th Cir. 2014) (quoting *Ewing v. California*, 538 U.S. 11, 20

(2003) (O'Connor, J., plurality)).  However, it is an extremely rare case where a sentence may be so disproportionate to the underlying crime that it violates the Eighth Amendment. *Id.*  Although the Eighth Amendment prohibits punishment "grossly disproportionate" to the severity of the offense, courts are highly deferential to state legislative decisions defining crimes and setting sentencing ranges when conducting a proportionality review of noncapital sentences. *Witmer v. Houston*, No. 4:03CV3315, 2006 WL 3698911, at *10 (D. Neb. Dec. 14, 2006) (citing *Ewing v. California*, 538 U.S. 11, (2003)).  The Eighth Circuit has repeatedly stated that "[a] sentence within the statutory limits is generally not subject to [Eighth Amendment] review." *United States v. Atteberry*, 447 F.3d 562, 565 (8th Cir. 2006) (quoting *United States v. Boone*, 869 F.2d 1089, 1092-93 (8th Cir. 1989)); *see also United States v. Contreras*, 816 F.3d 502, 514 (8th Cir. 2016); *United States v. Vanhorn*, 740 F.3d 1166, 1170 (8th Cir. 2014).  In fact, the Eighth Circuit "has never held a sentence within the statutory range to violate the Eighth Amendment." *Vanhorn*, 740 F.3d at 1170 (citing *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir.2011)).

Petitioner was convicted of first-degree sexual assault, a Class II felony. Neb. Rev. Stat. § 28-319(1)(c) and (2).  Statutory sentencing guidelines for a Class II felony provide for a maximum sentence of 50 years' imprisonment and a minimum sentence of one year's imprisonment.  Neb. Rev. Stat. § 28-105.  Petitioner's sentence was thus within the statutory guidelines for his offense.  Moreover, there is nothing in the record that suggests this penalty was grossly disproportionate to the underlying crime.  As noted, the record demonstrated that both the sentencing court and Nebraska Court of Appeals considered the fact that Petitioner committed multiple sexual assaults against his daughter over a 3-year period when she was 9 to 12 years old, totaling approximately

150 incidents.  *See* Filing No. 11-3 at 5; Filing No. 11-19 at 18; Filing No. 11-5 at 4. Because the sentence imposed was within the statutory limits, supported by the record, and considered by the sentencing court and Court of Appeals, Petitioner cannot show the district court abused its discretion in imposing said sentence nor that the punishment was grossly disproportionate to the severity of the offense.  Accordingly, Claim Four must be dismissed.

**E.  Petitioner's Motion to Reconsider, Filing No. 29**

Petitioner filed a Motion to Reconsider the Court's Memorandum and Order, Filing No. 27.  In the Memorandum and Order, the Court construed Petitioner's "Objection to Designation of State Court Records" as a motion for additional records.  Filing No. 27 at 2.  The Court denied Petitioner's motion for additional records to the extent it sought to include the audio recordings of his state court proceedings but permitted Petitioner to file his original written speech from Petitioner's postconviction hearing.  Filing No. 27 at 3. Petitioner asserts the Court erred in denying Petitioner access "to ALL his Legal Materials to present his case and address his pleading."  Filing No. 29 at 2.  Specifically, Petitioner argues he was not asking for additional records but was asking for the correct and complete Bill of Exceptions of his sentencing hearing.  Filing No. 29 at 2.

Construed liberally, Petitioner continues to seek an order requiring Respondent to produce the audio recordings of his plea and sentencing hearing or to have the audio recording transcribed anew by a court reporter.  Filing No. 29 at 2.  As stated in the Court's previous Memorandum and Order, the audio recordings are not part of the state court record and Respondent does not have the recordings or have access to the recordings. Filing No. 27 at 2.  Accordingly, the Court cannot order Respondent to produce the audio

recordings and for the reasons stated in the Court's previous Memorandum and Order, the Motion to Reconsider is denied.

### D.  Petitioner's Reestablished Objection, Filing No. 32

Petitioner filed a document captioned a "Reestablished Objection to Respondent Filing Reply After Petitioner's Reply/Motion to Strike and Response to Brief of Respondent," Filing No. 32 (the "Reestablished Objection").  Most of the Reestablished Objection appears to be a responsive brief to Respondent's briefing.  However, Petitioner also objects again to Respondent being permitted to have "the last word" by filing a reply brief.  Filing No. 32 at 2.  Petitioner argues that permitting Respondent to file a reply brief is unjust and inequitable because he should have the final opportunity to challenge Respondent's arguments.  Filing No. 32 at 2.  The Court has addressed Petitioner's assertion at least twice before, *see* Filing No. 13 at 1-2 (denying Petitioner's objection because providing Respondent an opportunity to file a reply brief did not conflict with Rule 5 of the Rules Governing Section 2254 Cases and was consistent with the Court's local rules); Filing No. 24 at 1 (denying Petitioner's objection for the same reasons stated in the Court's previous Memorandum and Order, Filing No. 13).  For the reasons previously stated, Petitioner's objection, again construed as a motion for reconsideration, is denied.

### E. Conclusion

Claims One, Two, and part of Claim Four, as set forth in the Petition, are procedurally defaulted, and this Court cannot consider them here.  Furthermore, Petitioner has failed to show "cause and prejudice" or a "miscarriage of justice," which are the only exceptions allowing federal review of procedurally defaulted claims.  *See Dretke v. Haley*, 541 U.S. 386, 392–93 (2004); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir.

2012).  An independent review of the record also confirms that there is no reason to believe that "cause and prejudice" or a "miscarriage of justice" exists.  These claims must be dismissed with prejudice.  *Armstrong v. Iowa*, 418 F.3d 924, 926–27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default).  Additionally, Claim Three and the Eighth Amendment claim under Claim Four are without merit.  Accordingly, the Petition must be dismissed with prejudice in its entirety.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).  The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    The Petition, Filing No. 1, is dismissed with prejudice.

2.    Petitioner's Motion for Disposition, Filing No. 34, and Notice of Case Submission, Filing No. 36, are granted consistent with this Memorandum and Order.

3.    Petitioner's Motion to Reconsider, Filing No. 29, and Reestablished Objection to Respondent Filing a Reply, Filing No. 32, are denied.

4.    The Court will not issue a certificate of appealability in this matter.

5.    The Court will enter a separate judgment in accordance with this order.

Dated this 17th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge