IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHABRE NATHANIEL JOHNSON,

                Petitioner,

      vs.

ROB JEFFREYS,

                Respondent.

**8:22CV68**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Leave to Appeal in Forma Pauperis. Filing No. 40. Petitioner filed a Notice of Appeal, Filing No. 39, on April 17, 2025. Petitioner appeals from the Court's Memorandum and Order and Judgment dated March 17, 2025 (the "Dismissal Order"). Filing Nos. 37 & 38. Upon review of Petitioner's Motion for Leave to Appeal in Forma Pauperis and financial affidavit, Filing No. 42, the Court finds Petitioner is entitled to proceed in forma pauperis on appeal.

Also before the Court is Petitioner's "Application for Certificate of Appealability & Motion for Rehearing," Filing No. 41. Petitioner brings the Motion for Rehearing under Fed. R. Civ. P. 60(b)(1) & (6). He requests that the "Motion for Rehearing take priority and be granted before the Certificate of Appealability through granting of FRCP Rule 60(b)(1) & (6)." Filing No. 41 at 3. Petitioner argues that, in the Dismissal Order, the Court unfairly prejudiced Petitioner by improperly requiring him to present his facts "at levels consistent with that of someone educated in the legal field." Filing No. 41 at 2. This requirement, Petitioner alleges, violated his First Amendment rights. Filing No. 41 at 3.

The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3) or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

Here, Petitioner argues the Court held Petitioner to an improper standard when evaluating the allegations in the Petition, particularly when evaluating the claims deemed to be procedurally defaulted. *See* Filing No. 41 at 3-4. Petitioner appears to reassert

many of the same arguments he made to support his Petition. *See* Filing No. 41 at 5-6. Liberally construed, Petitioner appears to seek relief from the dismissal and to have his defaulted claims considered on the merits, and his other claims to be reconsidered under a less stringent standard. The Court concludes that Petitioner's motion does not assert any claims, but rather attacks the Court's previous ruling. Therefore, Petitioner's motion is properly considered as a motion for relief from judgment under Rule 60(b).

Under Rule 60(b)(1), a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(6), a court may grant a party relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this catchall provision is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 105 (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Moreover, Rule 60(b) is not designed to provide an avenue for a disappointed party to relitigate a matter previously decided by the court, or to introduce new evidence, tender new legal theories, or to raise arguments which could have been offered prior to entry of the order. *United States of America v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006).

Upon careful review of the record in this case, the Court finds Petitioner has failed to demonstrate any extraordinary circumstances that would entitle him to relief from the judgment under Rule 60(b). While Petitioner apparently now seeks to set aside the judgment of dismissal and reopen his case, Petitioner supplies no argument in his Motion relevant to Rule 60(b). Petitioner's Motion vaguely alludes to disagreements with the legal interpretations and factual findings made by this Court in the Dismissal Order. Accordingly, for the reasons stated in the Court's Dismissal Order, the Court will not grant

Petitioner any relief from the judgment in this matter, nor will it issue a certificate of appealability.[1]  This Court's denial of a certificate of appealability, however, does not preclude Petitioner from proceeding to the circuit court and requesting a circuit judge to issue the certificate under 28 U.S.C. § 2253(c).  *See also* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").

IT IS ORDERED that:

1.    Petitioner's Motion for Leave to Appeal in Forma Pauperis, Filing No. 40, is granted.

2.    Petitioner's "Application for Certificate of Appealability & Motion for Rehearing," Filing No. 41, is denied to the extent he seeks relief from this Court.

Dated this 1st day of May, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court notes that it has jurisdiction to consider Petitioner's Rule 60(b) motion even though Petitioner already filed his Notice of Appeal.  *See* *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) ("[T]he pendency of an appeal does not affect the district court's power to grant Rule 60 relief.").  Petitioner is advised, however, that if he wishes to appeal this Memorandum and Order, he must file a new appeal and notify the Court of Appeals of this Court's ruling on his Rule 60(b) motion.  *See* *Winter v. Cerro Gordo Cnty. Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991).